# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- )<br>)<br>Government Services Corp. )<br>)<br>)<br>Under Contract Nos. SP0600-11-D-4009 )<br>SP0600-13-D-4512 ) | ASBCA Nos. 59209, 59210, 59311<br>60255, 60256 |

APPEARANCE FOR THE APPELLANT:　　　Gregory R. Rauch, Esq.
　　　　　　　　　　　　　　　　　　　　　Magyar, Rauch, & Associates PLLC
　　　　　　　　　　　　　　　　　　　　　Moscow, ID

APPEARANCES FOR THE GOVERNMENT:　　Daniel K. Poling, Esq.
　　　　　　　　　　　　　　　　　　　　　　DLA Chief Trial Attorney
　　　　　　　　　　　　　　　　　　　　　Jared M. Miller, Esq.
　　　　　　　　　　　　　　　　　　　　　Kathryn M. Kelley, Esq.
　　　　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　　　　DLA Energy
　　　　　　　　　　　　　　　　　　　　　　Fort Belvoir, VA

## OPINION BY ADMINISTRATIVE JUDGE PAUL
## ON THE GOVERNMENT'S MOTION TO DISMISS

These appeals have a lengthy procedural history, characterized by multiple motions for enlargement of time and repeated assurances that the appeals could be resolved by a global settlement. Ultimately, the government met an extended deadline to file a Rule 11 brief, appellant Government Services Corp. (GSC) failed to meet the revised deadline, and the government filed a motion to dismiss the appeals for failure to prosecute. We deny the motion.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The Board docketed GSC's appeals in ASBCA No. 59209 and ASBCA No. 59210 on 12 March 2014. On 15 April 2014, GSC (then proceeding pro se) asked the Board to suspend these appeals, pending the conclusion of debarment proceedings against two of its officers. The Board denied the requests in an order entered on 24 April 2014. GSC's appeal in ASBCA No. 59311 was docketed on 14 May 2014. On 24 September 2014, the Board granted the parties' joint request to stay proceedings in ASBCA Nos. 59209, 59210, and 59311 until 22 December 2014.

On 13 May 2015, the parties' (appellant now with counsel) jointly proposed the following schedule to resolve three appeals:

a) Discovery (182 days): Monday, May 18, 2015 – Monday, November 16, 2015

b) Supplementing the Record (62 days concurrent with DLA Non-Binding ADR): Tuesday, November 17, 2015 – Monday, January 18, 2016.

c) DLA Non-Binding ADR (62 days concurrent with Supplementing the Record): Tuesday, November 17, 2015 – Monday, January 18, 2016.

d) Submitting Briefs and Reply Briefs (92 days): Tuesday, January 19, 2016 – Wednesday, April 20, 2016

    a. Initial Briefs: Due by Thursday, February 18, 2016

    b. Reply: Due by Monday March 21, 2016

    c. Surreply: Due by Wednesday, April 20, 2016

In an order issued on 21 May 2015, the Board approved the proposed order.

On 5 October 2015, the Board docketed GSC's appeals in ASBCA Nos. 60255 and 60256. On 20 and 21 October 2015, the government requested that the Board extend by 60 days all deadlines set forth in the scheduling order which it approved on 21 May 2015 in ASBCA Nos. 59209, 59210, and 59311. On 20 October 2015, the government also requested that the Board extend the deadline for receipt of the Rule 4 files in ASBCA Nos. 60255 and 60256. The government stated in its motions in all of the appeals that "we believe a settlement of all disputes between the parties can be attained in short order." Additionally, in the motions filed in ASBCA Nos. 59209, 59210, and 59311, the government also stated: "The 60 day extension will ensure the parties have sufficient time to resolve all current and anticipated disputes." Based upon these assurances, the Board granted all of the motions. (Bd. corr. ltr. dtd. 20 October 2015)

On 6 and 7 January 2016, the government, without objection, forwarded to the Board requests to extend all deadlines in the five appeals by 30 days. It, once again, assured the Board that the proposed extension would give the parties "sufficient time

to resolve all current and anticipated disputes." It proposed the following revised schedule for resolution of ASBCA Nos. 59209, 59210, and 59311:

> a) Discovery (242 days): Monday, May 18, 2015 - Monday, February 15, 2016
>
> b) Supplementing the Record (62 days concurrent with DLA Non-Binding ADR): Monday, February 15, 2016 - Monday, April 18, 2016
>
> c) DLA Non-Binding ADR (62 days concurrent with Supplementing the Record): Monday, February 15, 2016 - Monday, April 18, 2016
>
> d) Submitting Briefs and Reply Briefs (93 days): Tuesday, April 19, 2016 - Monday, Wednesday, [sic] July 20, 2016
>
>> a. Initial Briefs: Due by Wednesday, May 18, 2016
>>
>> b. Reply: Due by Monday, June 20, 2016
>>
>> c. Surreply: Due by Wednesday, July 20, 2016

(Bd. corr. ltr. dtd. 6 January 2016) On 13 January 2016, the Board approved the parties' revised schedule; and, on 25 April 2016, it, again, granted the government's request to extend the schedule by 30 days. On 20 June 2016, the government filed its Rule 11 briefs in ASBCA Nos. 59209, 59210, and 59311; however, GSC did not file briefs in compliance with the Board's other revised scheduling order. Accordingly, on 26 January 2017, the Board issued the following order:

> Please file status reports in these appeals, advising the Board as to how the parties desire to proceed. The Board is in receipt of correspondence describing the parties' intent to settle these appeals globally. However, respondent – but not appellant – has filed Rule 11 briefs in some, but not all, of the appeals.
>
> The reports will be filed on or before 9 February 2017.

(Bd. corr. ltr. dtd. 26 January 2017)

3

GSC responded to the Board's order on 9 February 2017. It stated, in pertinent part: "[Pursuant] to the Board's order, the Parties were to file briefs in accordance with the times laid out in [the] order. Due to circumstances beyond our control we were unable to meet those deadlines." GSC's counsel then recounted the various woes that had been experienced by its CEO, Mr. Ruck, in the intervening period, namely his incarceration after a criminal trial and the fact that he "[had] been transferred three times since that incarceration." As a result, Mr. Ruck, who was GSC's principal source of information in these appeals had been unable to assist in briefing. GSC's counsel further explained that, for the first time in a year, Mr. Ruck was in "a position to help complete the Rule 11 schedule." GSC's counsel also asserted that the government had not suffered any prejudice as a result of any delays. Finally, it requested leave to file its briefs.

As part of its response to the Board's order, the government filed a motion to dismiss for failure to prosecute. It noted that GSC had not filed Rule 11 briefs in ASBCA Nos. 59209, 59210, and 59311. The government also stated that GSC had failed to submit complaints in ASBCA Nos. 60255 and 60256. As part of its argument, the government cited Board decisions where parties had failed to comply with multiple orders and, as a result, had incurred dismissals for failure to prosecute. The government then asserted that GSC "repeatedly missed Board deadlines without even seeking extensions" (gov't mot. at 3). We simply note that the government did not cite any demonstrable prejudice resulting from GSC's delays.

## DECISION

Contrary to the government's assertions, GSC had not "repeatedly" missed Board deadlines. Moreover, it has not demonstrated any prejudice resulting from GSC's delays. On this basis, we deny the government's motion. GSC is ordered to file its complaints in ASBCA Nos. 60255 and 60256 on or before 15 June 2017. In addition, the parties are ordered to confer and to forward to the Board a revised schedule for submission of Rule 11 briefs in ASBCA Nos. 59209, 59210 and 59311 within 14 days of receipt of this decision.

Dated: 5 May 2017

Michael T. Paul

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur                                    I concur

_____            _____
MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59209, 59210, 59311, 60255, 60256, Appeals of Government Services Corp., rendered in conformance with the Board's Charter.

Dated:


_____
JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5